It appears that as to the seven broom sewing machines the National Broom Company had paid for the machines the sum of $350 apiece, but that this ownership thus obtained was subject to the rights of the Hand Stitch Broom Sewing Machine Company, of Pittsburg, Pa., the patentee of the machines. The machines, it appears, were purchased from the Howard Company of this city, but it further appears with knowledge of the rights of the patentee and the National Broom Company after purchasing the machines recognized this right and ownership of the patentee and entered into a written contract with the said Hand Stitch Broom Sewing Machine Company, which contract provided in substance that the National Broom Company should pay a certain stipulated sum to the Hand Stitch Broom Sewing Machine Company for the use of the machines for each day they were used during the life of the patents, and that if this condition was complied with that upon the expiration of the patents the National Broom Company should become sole owner of the machines, and further provided expressly that the contract should not be construed as a sale of the machines or transfer of the ownei’ship.
*113 It seems clear that under this contract the National Broom Company was not the sole owner of these machines. But under its contract and upon compliance with the conditions of the contract it would become upon the expiration of the patents sole owner. It had not sole ownership until that time. It does not seem to me to be material what the rights of a person who might purchase such machines from one in possession under such a contract, unrecorded and without notice, might be. The National Broom Company had notice and recognized the rights of the patentee and entered into contract for the use of the machines; its rights, therefore, clearly were not that of absolute owner.
The Supreme Court decided in Germania Fire Insurance Company v. Schild, reported in the Law Bulletin, December 7, 1903, that under a policy of fire insurance containing this provision that the entire policy should be void if the interest of the insured was less than absolute ownership, that the risk was not severable, although distributed among several different classes or kinds of property. Under this decision, therefore, it is clear, I think, that if these machines were covered by this policy of insurance that the entire policy is void.
This brings us to a consideration of the question: Were these broom machines covered by the policy of insurance? The description of the property covered by the policy following a three thousand dollar item covering the stock in the factory is: “ Two thousand dollars — on engine, including appurtenances and settings, fixed and movable machinery of all binds, including spare parts, connections and attachments, steam pipes, shafting, belting, counter shafting, machinery, hangers, hand tools, benches, vices,'racks and all other machinery, implements and appliances such as are necessary or convenient to their business — all while contained in one store slate roof brick factory building,” etc.
The proof shows that these machines were in the factory of the National Broom Company and in use by it at the time that this policy was written. Now there can be no question but that this language is comprehensive enough to cover all the machinery of every kind and description of the National Broom Company. The language is “Fixed and movable machinery of all kinds.” And again, “All other machinery, implements and appliances *114 such as are necessary or convenient for their business.” There can be no question but that these machines were at least convenient for their business and were clearly within the description of the property. But, it is claimed, that the court should construe the policy when ambiguous in favor of the insured. This seems to be a reasonable and is a well established rule of construction. Is it ambiguous? I am not able to see how there can be any ambiguity in this language. Clearly it is sufficient to and was intended to cover all the machinery and appliances, belonging to the National Broom Company, and in which they had an insurable interest. Suppose this stipulation, that the policy should be void if the interest of the insured be less than absolute ownership had not been included in the terms of the policy? Could any one contend that any machinery or appliance of any kind or description in which the National Broom Company had an insurable interest was not covered by this policy? Certaihly.no one would seriously make such a claim. Now there can be no question but that the National Broom Company had an insurable interest in these machines. It had paid the sum of $350 each for them, and therefore had an insurable interest in them.
The Supreme Court of this state held in Lorillard Fire Insurance Company v. McCulloch, 21 Ohio State, 176, “That a party in possession of real estate under a contract of purchase, having paid only a part of the purchase money therefor has an insurable interest in the property.”
Here the National Broom Company had paid $350 for each of these machines and under the terms of its contract would become absolute owner on compliance with the terms of the contract for the payment of the stipulated sum after the expiration of the patents.
Judge McIlvaine says in Insurance Co. v. Butler, 38 Ohio State, in speaking of insurable interest that “wager policies are contrary to public policy. The insured must have an interest in the subject of the insurance — an interest in its preservation. In case of loss his contract rightfully entitles him to compensation — nothing more.” It therefore clearly appears that the *115 National Broom Company had. an insurable interest in these machines. And I see no escape from the. conclusion that the machines, like all other machinery in the building owned by the National Broom Company were covered by this policy of insurance. Nothing in which they had an insurable interest was excluded.
It is stipulated that if the interest of the owner be less than absolute the entire policy shall be void. That made it incumbent upon the National Broom Company when it procured this policy of insurance to inform the insurer, if its interest in any of the machinery covered by the insurance was less than absolute.
Now upon what fair or equitable principle of construction can the court say that because this provision is contained in the policy that the court will put another construction upon the terms of the policy that wrould be put on it, or could be put on it, if this provision were omitted. I should do violence to my judgment if I should hold that under the terms of this policy any machinery in that building necessary and convenient to the business 'of the National Broom Company, and in which it had an insurable interest, was not covered by this policy. Counsel for the state said in argument: Suppose some third party had placed a machine in that building for factory purposes and in which- the National Broom Company had no ownership, would it be claimed that the policy covered it? Of course it would not, because the National Broom Company would have no insurable interest in such machinery. But in this machinery it had an insurable interest, and I see no method of construction which will permit the court to put one construction on this policy when this provision is not in and another when it is in order to deprive the insurer of the benefit of this stipulation which has been held to be a valid provision in a policy of fire insurance. I therefore reach the conclusion that the machines were plainly covered by the terms of the policy.
Counsel for the state in their brief say that the contract is ambiguous. I can not see how such a contract can be ambiguous. I think it clearly and unquestionably covers all the machinery *116 and appliances in which the National Broom Company had an insurable interest. But even if it were to be conceded that it is’ ambiguous then the oral evidence, it seems to me, leaves no room for doubt as to the intention of the insured that these machines should be and were covered by the policy.
J. M. Sheets and B. C. Watson, for plaintiff.
J. W. Mooney, for defendant.
Clement on Fire Insurance, as to a valid contract, says at page 68:
“If the language used in the description is uncertain in its application or is ambiguous, oral evidence is admissible in aid of the interpretation and application.”
I have therefore reached the conclusion, and certainly resorting to oral evidence in this case no other conclusion is possible, that these machines were covered by the policy. Upon no fair principle of construction can the court avoid the conclusion that these machines were covered by insurance, and that the National Broom Company having less than absolute ownership that the policy is entirely void and the finding is therefore in favor of the defendant.